UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY BIVENS,

                Petitioner,

v.                                        **DECISION AND ORDER**
                                                 11-CR-120S (1)

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Anthony Bivens's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Docket No. 83.) For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On December 4, 2012, Petitioner appeared before the Honorable Leslie G. Foschio and pled guilty to Count 1 of the indictment, which charged him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (a)(1). (Docket Nos. 56, 57.) The charge carried a possible maximum sentence of 20 years imprisonment, a $1,000,000 fine, or both. (Docket No. 56, ¶ 1.) This Court accepted Defendant's plea on January 3, 2013. (Docket No. 65.)

In the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 21, and that Petitioner's criminal history category was I, which resulted in a Guidelines sentencing range of 37 to 46 months, a fine of $7,500 to $1,000,000, and a period of supervised release of three years. (Docket No. 56, ¶¶ 6-12.)

On April 22, 2013, this Court sentenced Petitioner to a term of imprisonment of 12 months and 1 day, which was a downward variance well below the Guidelines range. (Docket No. 74.) This Court also imposed a three-year term of supervised release. (Docket No. 74.) The Clerk of Court filed the judgment on May 1, 2013. (Docket No. 77.) Petitioner did not appeal his conviction or sentence.

On October 18, 2013, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Docket No. 83.) Therein, Petitioner maintains that his sentence violates the Fifth and Sixth Amendments, because his total offense level included a 2-level enhancement under § 2D1.1 (b)(1) for possession of a dangerous weapon that was not determined by a jury.[1] Petitioner seeks a hearing and release from custody. Respondent filed its response in opposition to Petitioner's petition on May 30, 2014, at which time this Court took the matter under advisement without oral argument.

According to the Bureau of Prisons' Inmate Locator, Petitioner was released from custody on or about May 23, 2014.

### III. DISCUSSION

**A.  The Petition**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the

---

[1]Petitioner relies on Alleyne v. United States and Peugh v. United States, neither of which apply or serve as a basis for the relief sought. – U.S. –, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); – U.S. –, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013).

2

> ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

Because Petitioner has served his term of imprisonment and been released from custody, the justiciability of his petition is at issue. Article III, Section 2 of the United States Constitution requires that there be a case or controversy for a federal court to have proper jurisdiction over a claim. The United States Supreme Court recently reaffirmed this requirement, stating that '[i]t is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed."' United States v. Juvenile Male, – U.S. – , 131 S.Ct. 2860, 2864, 180 L.Ed.2d 811 (2011) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)).

In habeas cases, a petition must be dismissed as moot if the case-or-controversy requirement becomes unsatisfied at any point during the litigation. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). "The hallmark of a moot case or

controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983). A petitioner's release from custody alone, however, does not render a habeas petition moot. See United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). The case or controversy remains if "collateral consequences" of the petitioner's conviction or sentence still "impinge on the petitioner post-release." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). For example, a habeas petition involving a conviction or sentence that has ongoing immigration consequences may remain a live case or controversy, despite the petitioner's release from custody or removal from the United States. See, e.g., Hatton-Pineda v. United States, Nos. 06-CR-285S, 08-CV-630S, 2012 WL 3822147 (W.D.N.Y. Sept. 4, 2012).

Here, the petition is moot because Petitioner has been released from custody and there are no collateral consequences stemming from his sentence. Petitioner seeks a hearing and release from custody. But Petitioner has now served his sentence—one far less than the Guideline range, even without including the 2-level weapon enhancement[2]—and been released from custody, thereby rendering the requests in his petition unnecessary and unable to be granted. The Petition must therefore be dismissed as moot.

**B.     Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could

---

[2] Reducing Petitioner's Total Offense Level by two levels to account for the enhancement that he alleges was unconstitutionally applied would result in a Total Offense Level of 19, yielding a Guidelines range of 30-37 months. Again, this Court sentenced Petitioner to 12 months and 1 day, nearly two-thirds less than the low end of the range.

4

debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not be issued.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is denied as moot. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 83) is DENIED as moot.

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, under 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the Clerk of Court is directed to close both 11-CR-120S and 13-CV-1063S.

SO ORDERED.

Dated: May 20, 2015
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge